**Lowenstein Sandler** LLP

Ryan J. Cooper
Litigation Counsel

65 Livingston Avenue
Roseland, NJ 07068
T  973 597 2410
F  973 597 2411
rcooper@lowenstein.com

January 30, 2013

**VIA CM/ECF & FIRST CLASS MAIL**

The Honorable Joseph A. Dickson, U.S.M.J.
United States District Court
   for the District of New Jersey
Martin Luther King, Jr. Federal Building
   & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:   *Ator Limited v. Comodo Holdings Limited*, Civ. No. 2:12-3083-DMC-JAD

Dear Judge Dickson:

This firm represents Defendant Comodo Holdings Limited ("Comodo"). In advance of the February 8, 2013 status conference, I write regarding the January 31, 2013 deadline for the parties to move to amend the pleadings and add new parties, and a dispute regarding Ator Limited's ("Ator") failure to respond to Comodo's written discovery.

Since Comodo first served its written discovery on October 5, 2012, Ator has yet to provide any meaningful response. Ator first served written responses that were patently inadequate for their use of broad-based and non-specific boiler-plate objections of the type this Court routinely rejects as inadequate under Federal Rules of Civil Procedure 33 and 34. *See, e.g., Harding v. Dana Transp., Inc.*, 914 F. Supp. 1084, 1102 (D.N.J. 1996). After Comodo objected and the parties met and conferred, Ator acknowledged the deficiencies and produced amended responses. However, these responses are equally infirm. For example, Ator continues to object that documents related to specific allegations in the Complaint "are neither relevant to the claims or defenses at issue in this litigation nor reasonably calculated to lead to discovery of admissible evidence." *See, e.g.,* Response to Document Requests Nos. 10-12 (requesting documents related to paragraph 15 of the Complaint). During a meet-and-confer, Ator's counsel insisted that the objections must be construed in the context of Ator's forthcoming document production. Ator's counsel also insisted such document production would commence as soon as the Court entered a protective order. Accordingly, in the spirit of cooperation, Comodo agreed to await Ator's promised document production before seeking the Court's intervention.

**Lowenstein Sandler** LLP

The Honorable Joseph A. Dickson, U.S.M.J.  January 30, 2013
Page 2

Ator's document production has not, however, been forthcoming. Ator did not begin to produce documents until January 18, 2013, a month after this Court entered the requested protective order.[1] When Ator did make its first production, counsel stated that it was only a partial production.[2] There has been neither a subsequent production nor any indication of when Ator will resume producing documents. Ator now contends that it cannot confirm whether its production is complete or incomplete.

Further, contrary to Ator's insistence that its document production would provide context to its objections, Comodo is unable determine what if any documents have been withheld pursuant to the specious and conclusory objections repeatedly asserted in response to all of Comodo's document requests.

Finally, there are several issues regarding the manner and form of Ator's production. Dozens of documents that Ator has produced are illegible collections of typographical symbols. Further, Ator has not conducted any searches for potentially responsive documents but rather has relied on its director, Tihan Seale, to identify such documents. This is patently inadequate to meet Ator's discovery obligations. *See, e.g., Nat'l Day Laborer Organizing Network v. U.S. Immigration and Customs Enforcement*, No. 10-cv-3488, 2012 U.S. Dist. LEXIS 97863, *41-47 (S.D.N.Y. July 13, 2012).

Having initiated this action, Ator cannot now ignore its obligations under the Federal Rules of Civil Procedure. Ator's continued refusal to produce relevant documents is prejudicing Comodo's ability to assert its rights, including Comodo's ability to determine by January 31 whether to amend its pleadings or add a new party – a deadline previously extended once due to the delayed production of documents. Despite Comodo's best efforts, including meet-and-confers held on November 19, January 14, and January 30, and communications in the interim, a resolution of these issues does not appear imminent. Accordingly, Comodo requests that (i) Comodo's deadline to amend the pleadings or add parties be extended until February 28, 2013 or 14 days after Ator concludes its document production, whichever is later; and (ii) that the Court address Ator's failure to produce discovery at the February 8, 2013 status conference.

---

[1] On January 13, 2013, in an apparent attempt to disguise its failure to comply with its discovery obligations, Ator produced 264 pages all but 79 pages of which were originally served on September 11, 2012 with Ator's Rule 26(a) Initial Disclosures. Ator's re-production of its Initial Disclosures does not constitute a meaningful production of documents responsive to Comodo's Document Requests.

[2] Ator has produced approximately 500 documents. In contrast, to date Comodo has produced over 2700 documents the majority of which are communications with Ator and its agents regarding the transaction at issue in this litigation – documents Ator would presumably have in its possession as well. While Comodo does not seek production of communications its already possesses, such a discrepancy highlights that Ator has failed to produce an unknown number of responsive documents to which Comodo was not a party.

# Lowenstein
# Sandler<sub>LLP</sub>

The Honorable Joseph A. Dickson, U.S.M.J.  
Page 3

January 30, 2013

We are available at the Court's convenience to discuss these issues. Thank you for your attention to this matter.

Respectfully submitted,

Ryan J. Cooper

23883/5  
01/30/13 23249918.1

cc:     All Counsel of Record (*via CM/ECF*)